**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEMILT GROWERS, INC.,**
**a Washington Corporation,**

      **Plaintiff,**

**v.**                         **Case No.  8:05-cv-964-T-30TBM**

**GLOBAL HARVEST, INC.,  a Florida**
**Corporation and JAYE WEBSTER, an**
**individual,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE came before the Court upon the Joint Motion To Approve Stipulation for Entry of Judgment (Dkt. #10).  Upon review and consideration, it is

ORDERED AND ADJUDGED that the Joint Motion To Approve Stipulation for Entry of Judgment (Dkt. #10) is GRANTED in part and DENIED in part.

IT IS HEREBY ORDERED that the following facts are undisputed and are adopted by this Court as findings of fact:

A.      STEMILT GROWERS sold and shipped perishable agricultural commodities to Defendant GLOBAL HARVEST in a series of transactions occurring between April 9, 2004 and August 9, 2004, at Defendants' request, and for which Defendants agreed to pay STEMILT GROWERS the principal sum of at least $52,234.50.

B.      STEMILT GROWERS has taken all steps necessary to properly preserve its PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions described above and all sums due STEMILT GROWERS from Defendants as set forth herein qualify for protection under the PACA trust statute.

C.      Defendants have failed to pay STEMILT GROWERS for the PACA balance due as described above, all of which remain past due, and the non-payment of which constitutes a violation of PACA [7 U.S.C. §499e(c)].

D.      Defendant WEBSTER is and during all times relevant herein was an officer and/or director of Defendant GLOBAL HARVEST and controlled or was in a position control the PACA trust assets that are the subject of the above-captioned lawsuit.

E.      Defendants are statutory PACA trustees obligated to preserve the PACA trust assets for the benefit of STEMILT GROWERS as a PACA trust beneficiary of Defendants and have breached their obligations as trustees by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiff.  Defendants are therefore jointly and severally liable to Plaintiff for such breach.

F.      On or about May 10, 2004, the Secretary of Agriculture for the U.S. Department of Agriculture issued a Default Order in favor of STEMILT GROWERS and against Defendant GLOBAL HARVEST in the amount of $52,234.50, plus interest thereon at the rate of 10% per annum from September 10, 2004, until paid, plus $300.00 handling fee. Interest has accrued through September 12, 2005 totaling $5,223.40.

G.     In addition, Plaintiff's invoices contain written provisions providing for reimbursement of attorney's fees incurred in connection with litigation commenced to collect the sums due to Plaintiff.  STEMILT GROWERS has incurred attorney's fees totaling $6,000.00.

H.     Although the accrued finance charges and attorney's fees incurred herein qualify for PACA trust protection along with the principal sums due for Defendants purchase of the produce that is the subject of this lawsuit, STEMILT GROWERS has agreed to waive the accrued finance charges and incurred attorneys' fees pending Defendants compliance with this Stipulation.

I.     The total amount due under this Stipulation is $52,234.50.

J.     All admissions and stipulated facts set forth above are made for the purpose of facilitating settlement of the dispute between The Parties.  Said admissions and stipulated facts are binding upon The Parties hereto for all purposes but may not be used or relied upon by any person not a party to this agreement for any purpose whatsoever.

IT IS HEREBY FURTHER ORDERED that the foregoing Stipulated Facts and Stipulation for entry of judgment are hereby approved in their entirety.

IT IS HEREBY FURTHER ORDERED that the Clerk is directed to enter judgment in favor of Plaintiff STEMILT GROWERS, INC., and against Defendants, GLOBAL HARVEST, INC. and JAYE WEBSTER, in the amount of **$63,457.90**.  Plaintiff shall be entitled to receive post-Judgment interest on all unpaid principal sums until fully paid.

IT IS HEREBY FURTHER ORDERED that Plaintiff shall take no action to enforce said judgment so long as Defendants timely remits payment as required under the forgoing Stipulation or so long as Defendants are not otherwise in default of the terms of the foregoing Stipulation as defined therein at paragraph 17 and 18.  Upon Defendant's delinquency of payment, or upon such other events of default as described in paragraph 18 of this Stipulation for entry of judgment, Plaintiff shall be entitled to enforce judgment against Defendants named herein consistent with the terms of this Stipulation.

IT IS HEREBY FURTHER ORDERED that the Clerk is directed to close this file and terminate all pending motions.

**DONE** and **ORDERED** in Tampa, Florida on December 1, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-964.approve stip 10.frm